```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        JACKSONVILLE DIVISION
```

TARLA GARY,

        Plaintiff,

v.                                         Case No. 3:15-cv-600-J-32MCR

MS. FERGUSON AND MS. PADGETT,

        Defendants.

_____

## ORDER TO AMEND

Plaintiff, an inmate of the Florida penal system, initiated this action by filing a pro se Civil Rights Complaint (Doc. 1) pursuant to 42 U.S.C. § 1983. Upon review of the Complaint, the Court opines that Plaintiff has failed to set forth his claims adequately. Indeed, it is unclear what type of claims Plaintiff intends to raise. Thus, if Plaintiff desires to proceed with his claims, Plaintiff may file an amended complaint consistent with the directives provided herein. In doing so, Plaintiff should consider the following.

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct complained of was committed by a person acting under color of state law, and this conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. Plaintiff must name as defendants only those who had been acting under color of state law and are responsible for the alleged constitutional violation. He must state their full names in the style of the case on the first

page and in Section IV provide current addresses for them so the Court can direct service of process.  Under "Statement of Claim," he must state the constitutional right or federal law that each defendant violated. In the "Statement of Facts" section, Plaintiff should set forth the relevant and related **facts**, not legal conclusions. He should concentrate his efforts on what happened and how each named Defendant was involved. He may submit exhibits[1] if they pertain to the claims. In the relief section, he must state how each defendant's action or omission injured him.  There must be a causal connection between each Defendant's acts or omissions and the alleged constitutional deprivation.

If Plaintiff names Defendants who hold supervisory positions and/or who are not directly involved in the day-to-day operations of the penal facility, Plaintiff should be aware that supervisory liability (respondeat superior) has been rejected as a theory of recovery under section 1983.  See Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).  Although personal participation is not specifically required for liability under section 1983, there must be some causal connection between the Defendant named and the injury allegedly sustained.  One cannot be held liable for the

---

[1] The plaintiff must individually number each exhibit in the lower right-hand corner of each exhibit. For example, if his first exhibit has multiple pages, he should number the pages 1-A, 1-B, 1-C, etc. He should also submit an "Exhibit List" with the title, description, and date of each exhibit. If he does not comply, the Court may strike his exhibits.

actions and/or omissions of others, but can only be held responsible if he participated in the deprivation of Plaintiff's constitutional right(s) or directed such action and/or omission that resulted in such deprivation.

Finally, Plaintiff must sign and date the amended complaint after the following statement on the form: "I declare under penalty of perjury that the foregoing is true and correct." Before signing the amended complaint, Plaintiff must ensure that his assertions are truthful and that he has not knowingly made false material declarations. Plaintiff must neither exaggerate nor distort the facts, but instead must truthfully set forth the facts underlying his claims. Knowingly making a false material declaration in violation of Title 18, United States Code, Section 1623, is punishable by a fine or imprisonment, or both.[2]

Plaintiff should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the relevant law. If Plaintiff does not have a good-faith belief that he can state an actionable claim, he may

---

[2] Section 1623(a) provides: "Whoever under oath (or in any declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information, including any book, paper, document, record, recording, or other material, knowing the same to contain any false material declaration, shall be fined under this title or imprisoned not more than five years, or both."

voluntarily dismiss the action.  Plaintiff is advised that, if he decides to amend and the Court finds that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, a dismissal under 28 U.S.C. § 1915(e)(2)(B) would count as a "strike" under the three strikes provision of 28 U.S.C. § 1915(g).[3]

Plaintiff should also be aware that he must strictly adhere to the instructions in the civil rights complaint form.  In compliance with the form, Plaintiff must inform this Court of all previously-filed cases in the federal courts that pertain to the facts involved in this action or otherwise relating to his imprisonment or the conditions of that imprisonment, including habeas corpus and civil rights cases. See Section III.  He must also answer question III.D., pertaining to those cases dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.

---

[3] Under 28 U.S.C. § 1915(e)(2)(B), when a plaintiff is proceeding in forma pauperis, the Court may dismiss the case if satisfied that the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A prisoner who has had three or more cases or appeals dismissed on the grounds that the action is frivolous, malicious, or fails to state a claim on which relief may be granted, cannot proceed in forma pauperis, unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

4

Although the plaintiff is proceeding pro se, he must follow the Federal Rules of Civil Procedure. Rule 8(a) requires a pleading to include a short and plain statement of the claim showing that the pleader is entitled to relief. Rule 10(b) requires all averments of the claim must be made "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

Plaintiff is forewarned that Local Rule 3.01(e), Rules of the United States District Court for the Middle District of Florida, provides, in pertinent part: "The unwarranted designation of a motion as an emergency motion may result in imposition of sanctions." Plaintiff is cautioned to designate a motion as an "emergency" only if there is a true emergency that the Court should entertain either immediately or shortly after its filing. If Plaintiff violates Local Rule 3.01(e) by designating a motion or notice as an emergency when the matter does not need the Court's immediate consideration, this Court will consider the imposition of sanctions, which may include monetary sanctions.

In light of the foregoing, it is

**ORDERED**:

1. The **Clerk** is directed to send Plaintiff a civil rights complaint form. No later than **February 24, 2016**, Plaintiff shall file an amended complaint on the enclosed civil rights complaint form consistent with the directions given in this Order. Plaintiff is advised that the amended complaint will serve as the operative

complaint in this action unless the Court otherwise orders. Thus, Plaintiff's amended complaint must contain all claims and allegations that he wishes to raise, and it must not refer back to the original Complaint. This case number should be affixed to the civil rights complaint form, and the words "Amended Complaint" should be written on the top of the form.

    2. Also by **February 24, 2016**, Plaintiff must mail to the Clerk of Court one complete and organized copy of his amended complaint **for each named Defendant.**

    3. Plaintiff's failure to timely file an amended complaint as described herein and/or failure to submit one copy of the amended complaint for each named Defendant will result in the **dismissal** of this action without further notice.

    4. Plaintiff's request to amend his Complaint (Doc. 9) is **GRANTED to the extent** that Plaintiff shall file an amended complaint as described herein.

    5. Consideration of Plaintiff's request to proceed as a pauper (Doc. 2) is **DEFERRED** until after the Court conducts the required screening of the forthcoming amended complaint pursuant to 28 U.S.C. § 1915A.

    **DONE AND ORDERED** at Jacksonville, Florida this 18th day of December, 2015.

                                      MONTE C. RICHARDSON
                                      UNITED STATES MAGISTRATE JUDGE

```
cr 11/6
c:
Tarla Gary, #G01635
```